**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GLENDA REED**                                                              **PLAINTIFF**

**vs.**                                             **CIVIL ACTION NO. 4:24-cv-057-DMB-JMV**

**STATE AUTO INSURANCE COMPANY,
INDIANOLA INSURANCE AGENCY, INC.,
FLEMMING & FLEMMING, LLC AND
LEO PATRICK FLEMMING, JR.**                               **DEFENDANTS**

**ORDER GRANTING IN PART MOTION FOR LEAVE TO CONDUCT REMAND-
RELATED DISCOVERY**

This matter is before the court on Defendant State Auto's[1] motion for leave to conduct remand-related discovery [Doc. No. 18]. Because no response was filed by Plaintiff under the court's expedited briefing schedule,[2] the matter is now ripe for decision. For the reasons that follow, Defendant's motion is **granted in part**.

The complaint in this cause was originally filed in the Circuit Court of Sunflower County, Mississippi, on May 9, 2024. Defendant State Auto removed this case to federal court on June 21, 2024, after being served on May 23, 2024. On June 28, 2024, Plaintiff filed a motion to remand to state court on the basis that the remaining defendants (Indianola Insurance Agency, Inc.; Flemming & Flemming, LLC; and Leo Patrick Flemming, Jr.) are all citizens of Mississippi, and as such removal is prohibited under the forum defendant rule, codified at 28 U.S.C. § 1441(b). However, as part of its notice of removal, Defendant State Auto alleges that

---

[1] As noted by Defendant in its memorandum in support of its motion, the correct name for Defendant is Meridian Security Insurance Company, as State Auto is a trade name. For the purposes of this order, however, the court will refer to the defendant as State Auto, given that is against whom Plaintiff has filed suit and no motion to correct the style has been filed.

[2] The undersigned's chambers emailed the parties' counsel on July 16, 2024, to inform them that the court would require any response by Plaintiff to be filed by July 22, 2024. Plaintiff's counsel acknowledged the deadline in a reply email on July 16, 2024, as well.

the remaining defendants have been fraudulently or improperly joined, and thus diversity jurisdiction is not defeated (and the forum defendant rule would be inapplicable).

Upon the filing of the motion to remand, the court entered an order staying the case that same day, June 28, 2024. In so doing, the court invited the parties to file a notice of intent to take remand-related discovery by no later than July 8, 2024, and Defendant State Auto did so on July 2, 2024. Thereafter, the court held a status conference on July 8, 2024, to discuss parameters and appropriateness of remand-related discovery, and the parties were informed that they must file a motion for remand-related discovery by no later than July 12, 2024, which should include the discovery sought and reasons therefore. Defendant State Auto once again complied and filed its motion for remand-related discovery on July 12, 2024, which is presently before the undersigned.

In the instant motion, Defendant State Auto proposes to propound three interrogatories and three requests for production to be answered within thirty days by Plaintiff.[3] The proposed discovery is reproduced below:

> Interrogatory No. 1: Please state the facts which support each of the Counts alleged in your Complaint against Indianola Insurance Agency, Inc.
>
> Request for Production No. 1: Please produce all documents which support each of the Counts alleged in your Complaint against Indianola Insurance Agency, Inc.
>
> Interrogatory No. 2: Please state the facts which support each of the Counts alleged in your Complaint against Flemming & Flemming, LLC.
>
> Request for Production No. 2: Please produce all documents which support each of the Counts alleged in your Complaint against Flemming & Flemming, LLC.
>
> Interrogatory No. 3: Please state the facts which support each of the Counts alleged in your Complaint against Leo Patrick Flemming, Jr.
>
> Request for Production No. 3: Please produce all documents which support each of the Counts alleged in your Complaint against Leo Patrick Flemming, Jr.

---

[3] Defendant's motion also contemplates taking the plaintiff's deposition, *if necessary* (emphasis added).

A party seeking removal on the basis of improper joinder of a non-diverse defendant bears a "heavy" burden to prove the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47.

Once a motion to remand is filed, the remand issue may be resolved in one of two ways. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004). First, and most common, the court may analyze a motion to remand under a standard similar to that used to review motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. That is, the motion is analyzed with reference to well-pleaded allegations in the complaint to determine whether or not the plaintiff has stated a claim, and read leniently in favor of remand. *Smallwood,* 385 F.3d at 573; *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005). Alternatively, in those cases where the plaintiff has stated a claim but misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, conduct a summary inquiry. *Smallwood,* 385 F.3d at 573. In such cases, the district court may also allow limited remand-related discovery. *Id.; Boone,* 416 F.3d at 388. *See Hepner v. City of El Paso*, EP-07-CV-00021-KC, 2007 WL 9701318, at *1 (W.D. Tex. Apr. 3, 2007).

The Fifth Circuit has held that remand-related discovery "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Mississippi ex rel. Fitch v. Eli Lilly and Co.*, 2022 WL 2467723 at *2 (S.D. Miss. 2022), citing *Smallwood,* 385 F.3d at 574. "[M]otions for remand-related discovery should rarely be granted." *Johnson v. J.P. Morgan Chase & Co.*, 2:04-CV-216-P-A, 2004 WL 2370621, at *1 (N.D. Miss Oct. 7, 2004) (citing *Smallwood*, 385 F.3d at 574). Further, remand-related discovery

is appropriate only where the party seeking the discovery shows that the proposed discovery is "necessary and sharply tailored to address the discrete and undisputed facts at issue." *Hinds County Miss. Bd. of Sup'rs v. Motorola, Inc.*, 2010 WL 445517, 3 (S.D. Miss. Feb. 1, 2010).

Here, the plaintiff has alleged its various claims against all of the defendants and may have misstated or omitted discrete facts that would determine the propriety of joinder. Defendant State Auto's proposed discovery is limited in nature and tightly tethered to resolving any potential uncertainty around these claims, which would allow for the court to determine if it has jurisdiction in this cause. Accordingly, the proposed interrogatories and requests for production are allowed. As for the potential deposition of Plaintiff, the undersigned is unconvinced that such an open-ended discovery request is sufficiently tightly tethered to resolving the issue at hand. As such, the request for a deposition of Plaintiff is denied.

THEREFORE, IT IS ORDERED that the motion for remand-related discovery is GRANTED IN PART. Defendant State Auto is ordered to propound to Plaintiff the proposed interrogatories and requests for production (three of each) within one (1) business day. Plaintiff is given 14 days to respond to this discovery once it has been served.

**SO ORDERED** this, the 25th day of July, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**